UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DUANE FRANKLIN, | CASE No. 1:13-cv-00858-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| R. VILLAGRANA, | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendant. | |

**SCREENING ORDER**

**I.  PROCEDURAL HISTORY**

On June 3, 2013, Plaintiff, a state prisoner proceeding pro se, filed what was construed as a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Complaint is now before the Court for screening.

**II.  SCREENING REQUIREMENT**

The Court must screen civil rights complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1991), cert. denied, 506

-1-

U.S. 915 (1992). The Court must dismiss a complaint if the action is frivolous or malicious or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)(2).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

### III.  SUMMARY OF ALLEGATIONS

Plaintiff is an inmate at Avenal State Prison ("AVP"). He calms that Warden Wofford, Correctional Officer Ruiz and Correctional Officer Villagrana are retaliating against him for his recent actions in another case, Franklin v. Whitten, et al., E.D. Cal. Case No. 2:12-cv-2647 JFM (PC) (hereinafter, "Whitten"). He says they are harassing him, confiscating his glasses, and not responding to his inmate (CDCR Form 22) requests and related correspondence. As a result, he is being denied the ability to exhaust his administrative remedies and access the court.

Plaintiff seeks permission to file a new civil rights action against Defendants for claimed harassment, retaliation and denial of access to court. He suggests he is proceeding in accordance with the terms of resolution of the Whitten case.

The Whitten court provided in its order on voluntary dismissal that Plaintiff retained the ability to file a new action against Defendants. (Cal. Case No. 2:12-cv-2647 JFM, ECF Nos. 20-23). Nothing therein suggests Plaintiff needs this Court's prior

approval for filing another action. Because Plaintiff's request for leave to file a civil rights complaint also identifies the claims Plaintiff wants to pursue, the Court will accept the writing as a complaint so as to protect its date of receipt as a filing date. The Court also will proceed here to analyze the claims therein to see if a cognizable claim is asserted and, if not, advise Plaintiff of the standards which must be met to assert such a claim.

IV.   **ANALYSIS**

　　A.   **Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

　　B.   **Harassment**

Plaintiff complains of unspecified racial harassment. Mere verbal harassment is

-3-

not, by itself, actionable. "[V]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979).

Plaintiff can not state a federal claim based solely upon verbal harassment.

**C.     Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech and to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir.2005); accord Watson v. Carter, 668 F.3d 1108, 1114–15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a claim, a plaintiff must allege specific facts demonstrating that a defendant took an adverse act because of plaintiff's First Amendment activity. The plaintiff's protected conduct must have been a " 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The adverse action must not have reasonably advanced a legitimate correctional goal.

Plaintiff makes the bare allegation that Defendants took adverse action against him because of Whitten, However, he alleges no facts in support such a conclusion.

Thus, while Plaintiff may indeed believe <u>Whitten</u> was the motive, there is nothing in his filing to suggest the allegation is based on more than pure speculation or surmise.

The Court will give Plaintiff leave to amend to try to assert such a claim. To do so, Plaintiff must set forth **facts** sufficient to suggest Defendants acted adversely to Plaintiff because of his First Amendment activity. The protected conduct must have been a " 'substantial' or 'motivating' factor behind the defendant's conduct." The adverse action must not have reasonably advanced a legitimate correctional goal.

### D.     **Access to Court**

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1101–02 (9th Cir. 2011). Prisoners also enjoy some degree of First Amendment rights in their legal correspondence. <u>Bounds v. Smith</u>, 430 U.S. 817, 824–25 (1977). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, i.e., prejudice to contemplated or existing litigation, such as being denied the ability to meet a filing deadline or present a non-frivolous claim. <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996). Delays in providing legal materials or assistance are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. <u>Id.</u> at 362.

Plaintiff has not alleged any facts to suggest he actually suffered an injury or loss as a result of any alleged delay in responding to his inmate requests or as a result of his glasses having been confiscated. A delayed response to requests, standing alone, does not constitute actual injury. The absence of an injury precludes an access claim. <u>Christopher v. Harbury</u>, 536 U.S. 403, 415–16 (2002).

The Court will allow leave to amend. Plaintiff must explain in reasonable detail how he suffered an actual injury with respect to contemplated or existing litigation. Iqbal, 556 U.S. at 678.

## V. CONCLUSIONS AND ORDER

Plaintiff's request that the Court permit him to file this action is unnecessary and disregarded.

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint

no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed June 3, 2013;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   June 23, 2013                     /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE