# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DUANE FRANKLIN,<br><br>              Plaintiff,<br><br>    v.<br><br>R. VILLAGRANA,<br><br>              Defendant. | Case No. 1:13-cv-00858-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE BUT GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>**(ECF No. 10)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Robert Duane Franklin is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed June 3, 2013 pursuant to 42 U.S.C. § 1983. The complaint was dismissed for failure to state a claim, but Plaintiff was allowed leave to file an amended pleading. Plaintiff filed a first amended complaint on July 15, 2013 (ECF No. 8). The first amended complaint has not been screened.

Before the Court is Plaintiff's request for judicial notice (ECF No. 10), attaching Plaintiff's August 25, 2013 affidavit, directed to Avenal State Prison Warden Wofford, alleging events subsequent to and in supplement of his first amended complaint.

The allegations in Plaintiff's request are not subject to judicial notice. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally

1

known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiff's request may not serve as a supplement to his first amended complaint. Plaintiff has not sought leave of the Court to file an amended pleading. Fed. R. Civ. P. 15(a); ECF No. 5. Even if he had, the amended pleading would have to be complete within itself without reference to another pleading; partial amendments are not permissible. Local Rule 220. Plaintiff's request is deficient because it not a complete pleading in and of itself, but instead is dependent upon the underlying pleading.

If Plaintiff wishes to file a second amended complaint, he may do so within thirty days following service of this order. If he does so, the amended pleading must be complete in and of itself, containing "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Should Plaintiff fail to file a second amended complaint within this thirty day period, the Court will assume he wishes to proceed on the underlying first amended complaint.

Accordingly, for the reasons state above, it is HEREBY ORDERED THAT:

1. Plaintiff's request for judicial notice (ECF No. 10) is DENIED, and

/////
/////
/////
/////
/////
/////
/////

2.     Plaintiff is GRANTED leave to file a second amended complaint by not later than thirty (30) days following service of this order, in the absence of a timely filed second amended complaint, this matter will proceed on the underlying first amended complaint.

IT IS SO ORDERED.

Dated:    September 13, 2013        /s/ *Michael J. Seng*
                                                              UNITED STATES MAGISTRATE JUDGE