# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DUANE FRANKLIN,<br><br>          Plaintiff,<br><br>v.<br><br>R. VILLAGRANA, et al.,<br><br>          Defendants. | Case No.  1:13-cv-00858-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION DENYING DEFENDANT VILLAGRANA'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS**<br><br>**(ECF No. 25)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff Robert Duane Franklin is a state prisoner proceeding pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds on a retaliation claim against Defendants Ruiz and Villagrana.

On September 10, 2014, Defendant Villagrana filed a motion to revoke Plaintiff's IFP status. Plaintiff filed objections to the motion. Defendant Villagrana replied to the objections. Plaintiff filed a surrreply.[1] The matter is deemed submitted for ruling. Local Rule 230(*l*).

## I.    LEGAL STANDARD

---

[1] The surreply (ECF No. 34) is disregarded because it is unauthorized by the Federal Rules of Civil Procedure and Local Rules and the Court did not request or approve it.

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2] 28 U.S.C. § 1915(g).

## II.   ANALYSIS

Defendant moves to revoke Plaintiff's IFP status on grounds Plaintiff has three or more "strikes" under § 1915(g). When a prisoner has three or more strikes, the Court must revoke the prisoner's IFP status and give him an opportunity to pay the filing fee.[3] Id. ("In no event shall a prisoner bring a civil action or appeal a judgment" if they meet the above criteria); accord *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). "Not all unsuccessful cases qualify as a strike under § 1915(g)," however, and courts must make a "careful evaluation of the order dismissing an action" before determining that the prior action was dismissed because it was frivolous, malicious, or failed to state a claim. *Andrews*, 393 F.3d at 1121. Defendant bears the burden of producing documentary evidence showing that plaintiff has three or more § 1915(g) strikes. *Id.* at 1120.

Notice may be taken of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. Fed. R. Evid. 201; see also *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007), citing *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002). Here, the Court

---

[2] "This subdivision is commonly known as the three strikes provision. Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim. Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed in forma pauperis. See *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

[3] Section 1915(g) contains an exception in cases where an inmate is "under imminent danger of serious physical injury."

takes notice of the three prior dismissed actions and two prior dismissed appeals referenced in the materials Defendant submitted. The Court analyzes each to see if it was dismissed as frivolous, malicious, or for failing to state a claim.

### A. *Franklin v. May, et al.,* U.S.D.C. E.D. Cal. Case No. 2:11-cv-1012

#### 1. Trial Court Dismissal

This complaint was dismissed for "failure to state a claim" on March 27, 2012. (See ECF No. 25-3 at 33:9.)

Defendant points out the dismissal is on its face a strike under § 1915(g). Plaintiff concedes the dismissal but argues the trial court erred in dismissing the case for failure to state a claim.

The undersigned finds this dismissal was final prior to the date Plaintiff filed this action and that it counts as a strike.

#### 2 Appeal

Plaintiff was denied IFP status by the appeals court because it found the appeal to be frivolous. He was ordered to pay the filing fee and show cause why the lower court decision should not be affirmed. Plaintiff did not respond and the appeal was dismissed for failure to respond to the appellate court's order.

Defendant argues denial of IFP on appeal was tantamount to a determination the appeal was frivolous. Plaintiff argues that the appeal is not a strike because the appellate court merely affirmed the trial court dismissal and did not find an independent § 1915(g) basis to dismiss. He also notes that since his records from that action have been destroyed, he is unable to object properly to Defendant's motion.

The undersigned finds the appeal dismissal counts as a strike. The district court revoked Plaintiff's IFP status on appeal because the appeal "was frivolous and not

taken in good faith." (See ECF No. 25-3 at 37:24.) The appeals court denied IFP on

appeal on grounds the appeal was "frivolous" and ordered the filing fee paid."[4] (See Id.

at 40-41.) The appeal was dismissed on September 10, 2012 for failure to respond to

the order to pay fees. (Id. at 43.)

Dismissal of the appeal constitutes a strike. *Rupe v. Cate*, 2012 WL 2317557 at

*2-*3 (E.D. Cal. June 18, 2012), citing *O'Neal*, 531 F.3d at 1152; see also *Winding v.

Sparkman*, 423 Fed.Appx. 473, 474 (5th Cir. 2011) (dismissal of an action and a

subsequent appeal of the dismissal each count as a strike if supported by an

independent § 1915(g) basis).

Accordingly, Plaintiff has two strikes as a result of his trial court proceeding and

appeal in the *May* matter.

**B.    *Franklin v. Dudley*, U.S.D.C. E.D. Cal. Case No. 2:07-cv-2259[5]**

1.    Trial Court Dismissal

On September 30, 2011, the trial court granted summary judgment in favor of

defendant Dudley based on a lack of evidence to support the claim and a qualified

immunity defense, and the matter was dismissed.

Defendant argues this dismissal is a strike because granting judgment because

of lack of evidence was tantamount to dismissal for failure to state a claim, and

upholding the qualified immunity defense was the equivalent of dismissal of a frivolous

claim.

---

[4] Under the Prison Litigation Reform Act, IFP appeal may not be taken if the trial court "certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3); see *Andrews*, 398 F.3d 1113 at 1121 (for § 1915(g) purposes, a case "is frivolous if it is of little weight or importance: having no basis in law or fact.")
[5] Referred to herein as the "2007 *Dudley*" matter.

Plaintiff responds that this action survived a Rule 12(b)(6) motion to dismiss, and that the subsequent disposition cannot count as a strike because it was by summary judgment.

The undersigned finds the case was not dismissed on an explicitly § 1915(g) basis. It thus does not count as a strike. The matter was dismissed on summary judgment because (1) Plaintiff "failed to establish any triable issues of material fact as to whether [defendant] violated his Eighth Amendment rights" (see ECF No. 25-3 at 8:13-15); and (2) Plaintiff filed to establish "any constitutional violation." (Id. at 9:13-15.) A summary judgment dismissal can qualify as a strike where a § 1915(g) basis is explicitly stated. *Blakely v. Wards*, 738 F.3d 607, 613 (4th Cir. 2013). Here, the dismissal does not disclose on its face any § 1915(g) ground. It is not a strike. See *Barela v. Variz*, 36 F.Supp.2d. 1254, 1259 (S.D. Cal. 1999) (dismissal on summary judgment for Plaintiff's failure to present sufficient evidence not a strike); see also *Ball v. Famiglio*, 726 F.3d 448, 463 (3d Cir. 2013) (dismissal based on immunity of the defendant is not a strike unless the order dismissing explicitly states a § 1915(g) ground as the basis for dismissal).

Furthermore, a strike accrues only if the entire action or appeal is dismissed explicitly on a § 1915(g) ground, or is dismissed pursuant to a statutory provision or rule that is limited solely to dismissals on such grounds. *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). Neither is the case here.

2.     Appeal

Plaintiff's appeal was voluntarily dismissed on June 1, 2012. (See ECF No. 25-3 at 11.) Defendant does not appear to argue that voluntary dismissal of the appeal is

independently a § 1915(g) strike. A voluntary dismissal is not a strike. 28 U.S.C. § 1915(g).

For the reasons stated, the trial court proceeding and appeal in the 2007 *Dudley* matter did not result in any strikes.

**C.    *Franklin v. Dudley et al.*, U.S.D.C. E.D. Cal. Case No. 2:08-cv-1223[6]**

On February 4, 2010, the trial court granted defendant's Rule 12(b)(6) motion to dismiss, on grounds of "failure to state a claim for which relief can be granted," two of Plaintiff's three claims in the case, i.e., his money damages claims under the Americans with Disability Act and under the Rehabilitation Act. (See ECF No. 25-3 at 15:15-16.)

On September 27, 2012, the remaining medical indifference claim was dismissed on summary judgment "because it was precluded from relitigation under the doctrine of collateral estoppel." (Id. at 21:20-21.) Defendant argues this dismissal counts as a strike because it is tantamount to dismissal of a frivolous claim and for failure to state a claim.

Plaintiff argues this dismissal is not an independent § 1915(g) strike because (1) the action, filed at the direction of the *Dudley* trial court, is the same case as the above 2007 *Dudley* action, and (2) a dismissal on summary judgment cannot count as a strike.

Defendant responds that the 2007 and 2008 *Dudley* matters were separate actions and that dismissal on summary judgment, based on independent § 1915(g) grounds, is a strike.

The undersigned finds the 2008 *Dudley* matter, dismissed because it was barred by collateral estoppel, (see ECF 25-3 at 22:1-2), is not a strike. As noted, a summary judgment dismissal can qualify as a strike where the express basis for dismissal is within § 1915(g). *Blakely*, 738 F.3d at 613. However, this is not the case here. Dismissal

---

[6] Referred to herein as the "2008 *Dudley*" matter.

of a claim on dispositive motion based on collateral estoppel is not dismissal on an explicitly § 1915(g) basis. Nor is dismissal for lack of evidentiary support as it was in the ruling in the 2007 *Dudley* matter.

Additionally, a case is not a strike where some claims are dismissed for failure to state a claim and the remaining claims are resolved on the merits. *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010); see also *Byrd*, 715 F.3d at 126 (a strike accrues only if the entire action or appeal is dismissed on a § 1915(g) ground). For reasons stated, the claims in the 2008 *Dudley* matter were not all dismissed on § 1915(g) grounds.

Accordingly, the 2008 *Dudley* matter did not result in any strikes.

### D.   Imminent Harm

Given that the Plaintiff had not accumulated three or more strikes at the time this action was initiated, the Court declines to reach the issue of imminent harm and expresses no opinion thereon.

## III.   CONCLUSIONS AND RECOMMENDATION

The undersigned concludes Plaintiff's IFP status should not be revoked because Defendant has not demonstrated that Plaintiff had accrued 3 or more strikes at the time this action was initiated. 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1120.

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to revoke Plaintiff's IFP status (ECF No. 25) should be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 10, 2014        /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE