1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9
         EASTERN DISTRICT OF CALIFORNIA
10

11   | ROBERT DUANE FRANKLIN, | Case No. 1:13-cv-00858-AWI-MJS (PC) |

12   Plaintiff,

13   v.

14   R. VILLAGRANA, et al.,

15   Defendants.

| ROBERT DUANE FRANKLIN,                     | Case No. 1:13-cv-00858-AWI-MJS (PC)                                                                                                        |
|--------------------------------------------|-------------------------------------------------------------------------------------------------------------------------------------------|
| Plaintiff,                                 | ORDER ADOPTING FINDINGS AND RECOMMENDATION DENYING DEFENDANT VILLAGRANA'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS             |
| v.                                         |                                                                                                                                           |
| R. VILLAGRANA, et al.,                     |                                                                                                                                           |
| Defendants.                                | (ECF NOS. 25, 35)                                                                                                                         |

16

17

18        Plaintiff Robert Duane Franklin is a state prisoner proceeding pro se and in forma

19   pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On November

20   10, 2014, the magistrate judge issued findings and recommendation that Defendant

21   Villagrana's motion to revoke Plaintiff's IFP status (ECF No. 25) should be denied. (ECF

22   No. 35 at 7:21-22.)  Defendant filed objections to the findings and recommendation on

23   November 19, 2014.

24        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has

25   conducted a de novo review of this case.  Having carefully reviewed the entire file, the

26   Court finds the findings and recommendation to be supported by the record and by proper

27   analysis.

28        The objections do not raise an issue of law or fact under the findings and

1    recommendation and there is no need to modify the findings and recommendation based

2    on the objections.

3        Defendant objects the magistrate judge erred in finding that dismissal of the 2008

4    *Dudley* action ("*Dudley*") does not qualify as a strike.  Defendant, conceding that dismissal

5    of a claim on the merits is not a strike, argues that Dudley was not dismissed on the merits

6    but rather because the claim had been previously litigated and thus collaterally estopped.

7    Defendant points out the *Dudley* court, in its dismissal order, did not consider the "issue of .

8    . . lack of submission of evidence." (ECF No. 36 at 18-21.)  Defendant argues the *Dudley*

9    dismissal is the equivalent of a dismissal for failure to state a claim and thus a strike. This

10   argument is unavailing.

11       The *Dudley* court did not mention Section 1915(g) in its dismissal order.  It is not

12   apparent that the *Dudley* court based its dismissal on Section 1915(g).  A dismissal does

13   not count as a strike merely because a Section 1915(g) basis is suspected.  See e.g.,

14   *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011) (dismissal must be on grounds

15   enumerated in Section 1915(g) for a strike to be incurred).  Moreover, the utilization of

16   summary judgment to develop claim preclusion facts suggests a disposition on the merits.

17   See e.g., *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (summary judgment

18   determines whether there are genuine issues for trial).

19       The cases Defendant cites in his objections are not authority that a grant of

20   summary judgment based on collateral estoppel is a strike under 28 U.S.C. §1915(g).  See

21   *Martinez v. U.S.*, 812, F.Supp.2d 1052, 1057 (C.D. Cal. 2010), citing *Daniels v. Woodford*,

22   2008 WL 2079010, *6-7 (C.D. Cal. May 13, 2008) (a case resolved by summary judgment

23   does not fall within the plain language of Section 1915(g) as it is not equivalent to a

24   dismissal on the grounds that the action is frivolous, malicious, or fails to state a claim upon

25   which relief may be granted); Id. at 1057 (action dismissed as duplicative is not counted as

26   strike).

27       Defendant also objects that a summary judgment dismissal need not explicitly state

28   a 28 U.S.C. § 1915(g) basis in order for a strike to accrue.   However,

1  a dismissal is not a strike unless it is on a Section 1915(g) basis.  See e.g., *Hafed v.*
2  *Federal Bureau of Prisons*, 635 F.3d 1172, 1178 (10th Cir. 1011) (ambiguous dismissal
3  order counts as strike where Section 1915(g) grounds are discussed and dismissal clearly
4  fits within Section 1915(g)).  The *Dudley* dismissal order was based on claim preclusion.
5  Nothing suggests the *Dudley* court considered Section 1915(g) and based its dismissal
6  thereon.  See e.g., *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011)
7  (dismissal counts as a strike if made because the action if frivolous, malicious, or fails to
8  state a claim).

9        Defendant's objections lack merit.

10        Accordingly, it is HEREBY ORDERED that:

11      1.    The Court adopts the findings and recommendation filed on November 10,
12          2014 (ECF No. 35), in full, and

13      2.    Defendant Villagrana's motion to revoke Plaintiff's IFP status (ECF No. 25) is
14          denied.

15
16  IT IS SO ORDERED.

17  Dated:   December 23, 2014         _____
18           SENIOR  DISTRICT  JUDGE