UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DUANE FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>R. VILLAGRANA, et al.,<br><br>Defendants. | Case No. 1:13-cv-00858-AWI-MJS<br><br>FINDINGS AND RECOMMENDATIONS TO:<br><br>(1) GRANT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 37 & 39)<br><br>(2) GRANT DEFENDANT VILLAGRANA'S MOTION TO STRIKE (ECF No. 48)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF No. 7.) The action proceeds on a retaliation claim against Defendants Ruiz and Villagrana. (ECF Nos. 14 & 17.)

Before the Court are Defendants' December 11, 2014 motions for summary judgment on exhaustion grounds. (ECF Nos. 37 & 39.) Plaintiff opposes the motions (ECF No. 43.), and Defendants filed replies. (ECF Nos. 45 & 46.). Plaintiff filed a sur-reply to Defendant Villagrana's motion (ECF No. 47.), and Defendant Villagrana moved

to strike it.  (ECF No. 48.)

These matters are deemed submitted.

## II.     LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed R. Civ. P. 56(c)(1).

"Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." *Id.* (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)).

In evaluating the evidence, "the [C]ourt does not make credibility determinations or weigh conflicting evidence," and "it draws all inferences in the light most favorable to the nonmoving party." *Id.*

## III.    PLAINTIFF'S CLAIMS

Plaintiff complains in his Second Amended Complaint (ECF No. 14.) that Defendants Ruiz and Villagrana, Correctional Officers at Avenal State Prison, retaliated against him for engaging in protected activity by: racially harassing him; falsifying a disciplinary report that resulted in Plaintiff being found guilty of an administrative violation; confiscating his non-contraband property; and destroying his legal documents.

## IV. DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

### A. Legal Standard -- Exhaustion

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007).

"The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." *Id.* Instead, the grievance must alert "'the prison to the nature of the wrong for which redress is sought,'" *id.* at 1120 (*quoting Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)), and must give the prison an opportunity "to reach the merits of the issue." *Id.* at 1119.

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies. *Id.* A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." *Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012). The "defendant need only show the existence of . . . [a grievance procedure] that the plaintiff did not use." *Id.* (*citing Hilao v. Estate of Marcos*, 103 F.3d 767, 778, n.5 (9th Cir. 1996)).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."

3

*Albino*, 747 F.3d at 1166.  If material facts are disputed, summary judgment should be denied, and the district court should decide "disputed factual questions relevant to exhaustion . . . in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue."  *Id.* at 1170-71.

### B.    Summary of Administrative Appeal

Based on the submissions of the parties, the Court finds the following facts are undisputed.

Plaintiff filed his original complaint on June 3, 2013, alleging Defendant Villagrana retaliated against him on March 14-15, 2013 by racially harassing him and confiscating his property.  The Court screened the complaint and dismissed it for failure to state a claim.  On July 15, 2013, Plaintiff filed a First Amended Complaint ("FAC").  The Court granted Plaintiff leave to file his Second Amended Complaint ("SAC") without screening the FAC.  On October 17, 2013, Plaintiff filed a SAC.  The Court screened the SAC and found that Plaintiff had stated a claim for retaliation against Defendants Ruiz and Villagrana.

Plaintiff filed one administrative appeal relevant to his instant claim of retaliation. Appeal ASP-M-13-00439 dated March 15, 2013 alleged that while serving Defendant Ruiz with Form 22, Defendant Villagrana called Plaintiff a "snitch" and made other racial remarks.  The next day, Plaintiff served a Form 22 on Defendant Villagrana, who then searched his bunk area, destroyed his legal documents, and confiscated his personal property.

On April 26, 2013, the Appeal was completed at the second level of review.  On August 29, 2013, the Appeal was denied at the third level of review.

### C.    Parties' Arguments

Defendant Villagrana contends that Plaintiff asserts three incidences of retaliation against him: 1) racial harassment; 2) confiscation of his property for filing a Form 22 against him; and 3) falsifying a disciplinary report and/or making false statements during

the investigation regarding Villagrana's taking of his property. Plaintiff alleged the first two incidences in his original complaint and added the third incident in his FAC. Therefore, Plaintiff was required to exhaust his administrative remedies by at least July 15, 2013, the date he filed his FAC. The third level of review for Plaintiff's Appeal ASP-M-13-00439 was not issued until August 29, 2013.

Defendant Ruiz contends that Plaintiff has only initiated five appeals while at Avenal State Prison and none of them are against him for the wrongful conduct alleged in the SAC, namely filing a false rules violation report on March 14, 2013 in retaliation for Plaintiff exercising his First Amendment rights. Therefore, Plaintiff has not exhausted his administrative remedies.

Plaintiff argues that his retaliation claim against Defendant Villagrana is based on two events: 1) racial harassment, and 2) confiscation of his property and legal documents. Plaintiff concedes he raised both of these issues in his original complaint, but argues he exhausted his administrative remedies as to Defendant Villagrana because he filed his SAC after the third level of review was completed on his Appeal ASP-M-13-00439. Since all subsequent complaints supersede a previously filed complaint, Plaintiff argues that the date his SAC was filed is the relevant date for purposes of exhaustion.

Plaintiff does not directly address any of Defendant Ruiz's arguments in his response. He merely states that he filed Appeal ASP-M-13-00439 against both Defendants for "Racial Harassment & Reprisal," and that during the appeal process, Defendant Ruiz filed a false rules violation report against him.

**D.    Analysis**

Plaintiff concedes that his original complaint filed on June 3, 2013 raised the retaliation claims against Defendant Villagrana that the Court ultimately found

cognizable in his SAC.[1]  Therefore, the relevant date for exhaustion purposes is June 3, 2013.  The filing date of Plaintiff's SAC would be the relevant date only for any new claims asserted by Plaintiff.  *See Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir. 2014) (claims were properly exhausted when they arose prior to the filing of the initial complaint, but were not exhausted until after the filing of the complaint and not alleged until the amended complaint); *See also Rhodes v. Robinson*, 621 F.3d 1002, 1006-07 (9th Cir. 2010) (claims arising after the initial complaint and exhausted before the filing of an amended complaint may be properly alleged in the amended complaint).

Because Appeal ASP-M-13-00439 was not denied until August 29, 2013, after Plaintiff's initial pleading against Villagrana, Plaintiff failed to exhaust his administrative remedies as to Defendant Villagrana.

In Plaintiff's SAC, he contends that Defendant Ruiz retaliated against him by harassing Plaintiff for filing an appeal against his brother and falsifying a March 14, 2013 disciplinary report against Plaintiff after he filed a Form 22 on Defendant Ruiz.  While Plaintiff's Appeal ASP-M-13-00439 mentions serving a Form 22 on Defendant Ruiz, it does not include any other facts relevant to Defendant Ruiz's retaliatory acts, and therefore fails to alert "'the prison to the nature of the wrong for which redress is sought,'" *Griffin*, 557 F.3d at 1120 (*quoting Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).  Plaintiff also does not dispute that he did not file any other 602 appeals regarding Defendant Ruiz and the alleged conduct in his SAC.  Therefore, Plaintiff has failed to exhaust his administrative remedies as to Defendant Ruiz.

In summary, the Court concludes as follows with regard to the distinct claims against the distinct Defendants:

---

[1] Plaintiff alleged in his original complaint that Defendants were preventing him from exhausting his administrative remedies and denying him access to the courts.  (ECF No. 1.)  While a prisoner may be excused from the exhaustion requirement by establishing that the administrative remedies were "effectively unavailable to him," *see Albino*, 747 F.3d at 1172, Plaintiff does not raise this argument in his response to the motions for summary judgment nor present any evidence to support it.

6

Plaintiff alleged Defendant Villagrana retaliated against him on March 14-15, 2013 by racially harassing him and confiscating his property.  He first brought suit on said claims in his original complaint filed on June 3, 2013.  The record shows his third level appeal ruling was not issued until August 29, 2013.  Thus, it is clear Plaintiff could not have, and did not, exhaust his administrative remedies on his claims against Villagrana before filing suit against him.

Plaintiff alleged Defendant Ruiz retaliated against Plaintiff by filing a false disciplinary report against him on March 14, 2013 and racially harassing him.  Plaintiff first brought suit on said claims in his SAC filed on October 17, 2013.  The record shows that Plaintiff did not appeal this issue at the administrative level; he did not exhaust his administrative remedies on his claim against Ruiz.

Accordingly, Defendants' motions for summary judgment should be granted.

## V.    DEFENDANT VILLAGRANA'S MOTION TO STRIKE

Defendant Villagrana seeks to strike Plaintiff's reply to his motion for summary judgment filed on January 23, 2015.  (ECF No. 48.)

Defendant Villagrana contends that the sur-reply is not permitted by any Federal Rule of Civil Procedure and violates Local Rule 230(*l*), which only permits the filing of a response by the opposing party and a reply by the moving party to a motion.  Given Defendant Villagrana did not raise any new issues or facts in his reply and this Court did not grant Plaintiff leave to file a sur-reply, Defendant's motion (ECF No. 48.) should be granted and Plaintiff's sur-reply stricken.

## VI.   CONCLUSION AND RECOMMENDATION

The Court finds that Defendants have met their burden of proving Plaintiff failed to exhaust his administrative remedies.  Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motions for summary judgment (ECF Nos. 37 & 39.) be GRANTED.

7

The Court HEREBY RECOMMENDS that Defendant Villagrana's motion to strike Plaintiff's sur-reply (ECF No. 48.) be GRANTED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   February 6, 2015                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE